IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES E. TUCKER,

    Petitioner,                    No. 2:13-cv-0293 GGH P

    vs.

DEPARTMENT OF CORRECTIONS,

    Respondent.                 ORDER and

_____ /   FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, but has not submitted a request to proceed in forma pauperis or paid the filing fee.

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court ...." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602–03 (9th Cir.1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed

1

without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir.1971). "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, ... or patently frivolous or false." <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir.1990) (internal quotations and citations omitted).

Petitioner requests that his sentence of life without the possibility of parole be commuted to time served and that he be released based on prison overcrowding and the budget deficit. Although he admits guilt, petitioner claims he is not violent and that he is unlikely to commit a new crime. A plea for compassionate release is not one which federal courts, sitting in habeas, or any other situation, are entitled to act upon. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). "[N]either § 2241 nor § 2254 vest this Court with habeas corpus jurisdiction to order a compassionate release." <u>Fox v. Warden Ross Correctional Inst.</u>, 2012 WL 3878143, *2 (S.D. Ohio Sep. 6, 2012). California's law authorizing a court to recall a sentence is not mandatory, but only permissive, and contains no language permitting, let alone mandating, a compassionate release. <u>Gonzales v. Marshall</u>, 2008 WL 5115882, *5 (C.D. Cal. Dec. 4, 2008), *citing* Cal. Penal Code § 1170(d).

It is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief. The court can discern no manner in which petitioner could cure the defects of his allegations. This appears to be one of those relatively rare cases when to grant petitioner further leave to amend would be patently futile. Therefore, the petition should be summarily dismissed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California and assign a

district judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Tuck0293.108.wpd